Filed 6/10/26  P. v. Gonzalez CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT GONZALEZ,<br><br>    Defendant and Appellant. | C103059<br><br>(Super. Ct. No. STKCRFE20210000102) |

In 2021, a jury convicted defendant Robert Gonzalez of second degree murder and being a felon in possession of a firearm.  In addition, the jury found true an enhancement allegation that defendant intentionally discharged a firearm causing great bodily injury and death.  The trial court sentenced defendant to 15 years to life for the murder, plus a consecutive 25 years to life for the firearm enhancement.  It imposed but stayed a concurrent three years for being a felon in possession of a firearm.  This court affirmed the convictions but remanded the matter to permit the trial court to consider its discretion regarding the firearm enhancement under *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).  (*People v. Gonzalez* (Oct. 11, 2023, C095230) [nonpub. opn.].)[1]  On remand, the trial court declined to dismiss or reduce the firearm enhancement.

---

[1] We deny as unnecessary the Attorney General's request to incorporate by reference the record from defendant's prior direct appeal in case No. C095230.  (Cal. Rules of Court, rule 8.147.)

Defendant now contends the trial court abused its discretion in finding that dismissal of the firearm enhancement would endanger public safety. Because we disagree with defendant's characterization of the trial court's ruling, we find no abuse of discretion, and defendant's additional contentions are forfeited, we will affirm the judgment.

BACKGROUND

Defendant and the victim argued outside a bar. The victim punched defendant and defendant shot the victim, killing him.

The jury convicted defendant of second degree murder (Pen. Code,[2] § 187, subd. (a) -- count 1) and being a felon in possession of a firearm (§ 29800, subd. (a)(1) -- count 2) and found true the allegation that defendant intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)). At sentencing, the trial court acknowledged that the victim struck the first blow in the fight, but noted that at the time of the murder defendant was on felony probation for assault by means of force likely to cause great bodily injury, and the victim was unarmed and vulnerable. The trial court declined to strike the firearm enhancement and sentenced defendant to 15 years to life for the murder, plus a consecutive 25 years to life for the firearm enhancement, for a total indeterminate term of 40 years to life in prison. The trial court imposed but stayed, under section 654, a concurrent upper term of three years for being a felon in possession of a firearm.

This court affirmed defendant's convictions in 2023 but remanded the matter for the trial court to consider whether to strike the firearm enhancement and impose a lesser, uncharged firearm enhancement under *Tirado, supra*, 12 Cal.5th 688. On remand, defendant argued: it should be a mitigating factor that the victim started the fight;

---

[2] Undesignated statutory references are to the Penal Code.

2

these offenses differed from his prior convictions because he was only on informal probation; he can be rehabilitated; the sentence on the enhancement is longer than the sentence for the murder; and there is a presumption against imposing an enhancement that results in a sentence of 20 years or more and the facts of this case are not sufficiently egregious to overcome the presumption.

The trial court declined to dismiss or reduce the firearm enhancement, noting that defendant shot the victim over a cigarette and escalated the matter from a non-lethal use of force (the victim's punch) to a lethal gunshot in the face at close range. The trial court considered in mitigation that the victim threw the first blow, that alcohol had been consumed, and that defendant claimed to have a mental illness, although the trial court found no evidence of mental illness. As for aggravating factors, the trial court found, among other things, that defendant used unnecessary violence, he was on probation for a violent crime, his criminal history was increasing in seriousness, and he scored a high violent category on the static risk assessment. The trial court concluded that the mitigating factors were outweighed by the aggravating factors, including the "factor" that "if [defendant was] released, he would be a significant danger to others."

DISCUSSION

Defendant contends the trial court abused its discretion in declining to dismiss the firearm enhancement.

Section 1385, subdivision (c)(1) provides that the trial court shall dismiss an enhancement if it is in furtherance of justice to do so, unless dismissal is prohibited by an initiative statute. Subdivision (c)(2) states that in exercising its discretion, the trial court shall afford great weight to evidence offered by the defendant of enumerated mitigating circumstances, and proof of one or more of the mitigating circumstances weighs greatly in favor of dismissing an enhancement unless the trial court finds that dismissal of the enhancement would endanger public safety. Defendant asserts the following mitigating circumstances: that an enhancement could result in a sentence

3

of over 20 years (§ 1385, subd. (c)(2)(C)), the current offense is connected to mental illness (§ 1385, subd. (c)(2)(D)), and the current offense is connected to prior victimization or childhood trauma (§ 1385, subd. (c)(2)(E)). Absent a finding that dismissal of an enhancement would endanger public safety, "the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*).)

Defendant argues the trial court based its decision on a finding that dismissal of the enhancement would endanger public safety. We disagree. The trial court expressly stated that defendant's danger to others was one "factor" among the mitigating and aggravating circumstances it considered. The trial court found substantial, credible evidence of countervailing factors that neutralized the great weight of the mitigating circumstances, such that dismissal of the enhancement was not in furtherance of justice. (*Walker, supra*, 16 Cal.5th at p. 1029.) Even if the trial court believed defendant's danger to others was a "significant factor," that simply reaffirmed that it was weighing the circumstances, something it was not required to do if it had found that dismissal of the enhancement would endanger public safety. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 ["if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances." (Fn. omitted)].)

Defendant further argues that the trial court's determination was "irrational" and that it failed to properly weigh the mitigating circumstances. But after the trial court announced its sentencing decision, defendant did not object or raise any claim of error in the trial court. It was incumbent upon defendant to bring to the trial court's attention any alleged error, and the failure to do so forfeited these appellate contentions.

(See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].)

DISPOSITION

The judgment is affirmed.


/S/
————————————————————
MAURO, J.

We concur:


/S/
————————————————————
EARL, P. J.


/S/
————————————————————
KRAUSE, J.